UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EULUS ABBOTT, an Individual )
and Personal Representative of the Estate )
of Michael Abbott, )
)
    Plaintiff, )
)
    vs. )            Case No.   4:08CV00430 AGF
)
SCHNEIDER NATIONAL CARRIERS, )
INC., SCHNEIDER NATIONAL, INC., )
and SHANNON HYDAR, )
)
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the court on several pre-trial motions, including the motion of

Defendant Schneider National Carriers, Inc. ("SNC"), to transfer the case to the District

Court for the Western District of Arkansas, under 28 U.S.C. § 1404(a).[1]  For the reasons

set forth below, the motion to transfer shall be granted.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff Eulus Abbott, as an individual and as the personal representative of the

estate of his son, Michael Abbott, filed this wrongful death/negligence action in the

Circuit Court for the City of St. Louis, Missouri, seeking damages for his son's death,

pursuant to the Missouri Wrongful Death Act.  Mo. Rev. Stat. § 537.080.1.  Plaintiff is a

---

[1]       The parties have consented to the exercise of authority by the undersigned
United States Magistrate Judge under 28 U.S.C. § 636(c).

citizen of Arkansas, and the sole surviving heir of the decedent.  At the time of the accident, the decedent was 43 years old and a resident of St. Louis County, Missouri.  As the representative of the decedent's estate, Plaintiff seeks damages for the decedent's pain and suffering.  As an individual, Plaintiff seeks damages for loss of society and support. Plaintiff's counsel resides in St. Louis County.

Plaintiff named three defendants: SNC; Schneider National, Inc. ("National"), SNC's parent corporation; and Shannon G. Hydar, an employee of SNC.  Plaintiff alleged that decedent was killed on December 5, 2006, in a trucking accident in Arkansas, caused by Hydar's negligence while acting as an agent of SNC and National.  Plaintiff also alleged that the corporate Defendants were negligent in their hiring, training, supervision, and retention of Hydar, who had an alleged history of prior driving offenses.  Plaintiff asserted in the complaint that venue was proper in the City of St. Louis, because Hydar allegedly resided there at the time of the accident.  In fact, Hydar has resided in Alabama at all relevant times.

SNC is a Nevada corporation with its principal place of business in Wisconsin. National is a Wisconsin corporation with its principal place of business in that state. Plaintiff asserted in the complaint that both corporate Defendants were believed to maintain offices in Missouri.

Prior to service upon National, Hydar and SNC removed the action to this Court based on diversity of citizenship, noting that they were contesting the venue of the state court action in the City of St. Louis as opposed to St. Louis County.  Thereafter, Hydar filed a motion to dismiss for lack of personal jurisdiction, asserting that at all relevant

times he was a resident of Alabama.  On that same day, SNC filed two separate motions:
(1) a motion to dismiss for failure to state a claim; and (2) a motion to dismiss for
improper venue, arguing that the action should originally have been filed in St. Louis
County rather than St. Louis City, because the decedent lived in St. Louis County, SNC's
registered agent resided in St. Louis County, and Hydar was not a Missouri resident; or, in
the alternative, to transfer to the Western District of Arkansas due to lack of personal
jurisdiction over Hydar; or, in the alternative, to transfer under 28 U.S.C. § 1404(a), for
the convenience of the parties and witnesses and in the interests of justice.  Plaintiff
subsequently voluntarily dismissed Hydar (who had filed for bankruptcy) and Hydar's
motion to dismiss was denied as moot.  National, who has since been served in Wisconsin,
filed a separate motion to join SNC in the motion to transfer under § 1404(a).[2]

   With respect to the motion to transfer to a more convenient forum, SNC states that
Plaintiff's own domicile, rather than the domicile of the decedent, is what matters and
Plaintiff resides in Arkansas.  SNC asserts that Hydar, who will be a witness, lives over
250 miles closer to the Arkansas forum than to this Missouri forum.  SNC highlights
current increased travel costs and notes that an Arkansas State Trooper responded to the
scene of the accident; that three witnesses to the accident who provided statements to the
police live in Arkansas; that the decedent was pronounced dead at the scene by an
Arkansas Deputy Coroner; that, after the accident, Hydar was "tested" in a medical clinic
in Arkansas; and that the decedent was taken to an Arkansas funeral home.  SNC also

---

[2]   National's motion also asserted lack of personal jurisdiction, insufficient
process and service, and failure to state a claim upon which relief may be granted.

points to the facts that records and documents from the state police are in Arkansas, the decedent's employer is headquartered in Arkansas, and SNC has a regional operating center in Arkansas. Defendants are neither incorporated nor have their principal places of business in Missouri. SNC contends that consideration for convenience should focus on the parties and witnesses who will bear the cost of travel and time away from work, rather than on Plaintiff's counsel who resides in St. Louis, or on the illusory notion of a decedent's convenience.

Plaintiff responds that Defendants' factors do not strongly favor transfer, in that he stands in the shoes of the decedent and should be considered a resident of Missouri. Plaintiff argues that Missouri has an interest in protecting its citizens via wrongful death actions and that, though the decedent was the victim of a tort in Arkansas, the decedent's residency in Missouri should not become irrelevant upon his death. Plaintiff asserts that he chose to file the action in Missouri because he "has family here," and thus will have support during litigation. He also asserts that he did not choose the forum for the convenience of counsel, but rather he chose counsel as the person he trusts and wants to try the case. Plaintiff argues that his choice of venue is "entitled to some deference." He mentions that SNC has another regional operating center in Illinois and that Defendants each retain counsel in Illinois. Plaintiff contends that Hydar's initial participation in proceedings in Missouri demonstrates that there may be no relative inconvenience for him. Plaintiff argues that law enforcement and accident responders in Arkansas may not need to be subpoenaed and may willingly travel to St. Louis.

Plaintiff further asserts in a surresponse that another witness, the half-sister of the decedent, may testify to damages and she is a citizen of Missouri.  Plaintiff contends that any testimony and any associated documents might be obtained by means of deposition and discovery requests.  SNC counters in its surreply that a relative in Missouri whose testimony regarding damages might be used is not as important as witnesses more directly related to the issue being litigated, and thus does not change the balance of relevant factors.  SNC further argues that live testimony is preferred to depositions, that there is no guarantee that witnesses will voluntarily appear, and that this Court would lack the power of compulsory process to ensure attendance of witnesses more than 100 miles away.

## DISCUSSION

Under 28 U.S.C. § 1404(a), this Court may transfer this action "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where [the action] might have been brought."  Pursuant to § 1391(a)(2), this action might have been brought in the judicial district where a substantial part of the events giving rise to the claim occurred.  It is undisputed that this action might have been brought in the Western District of Arkansas.

In determining whether to transfer venue under § 1404(a), the Court engages in a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors."  Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 696 (8th Cir. 1997).  Factors include (1) the convenience of the parties, (2) the convenience of the witnesses -- including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) accessibility of records and

documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each state's forum law.  "The most important factor in passing on a motion for transfer under § 1404(a) is the convenience of the witnesses." Am. Standard, Inc. v. Bendix Corp., 487 F. Supp. 254, 262 (W.D. Mo. 1980).

Although courts enjoy broad discretion in weighing motions for transfer, Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955), a plaintiff's choice of forum should only be disturbed when the balance of factors strongly favors the defendant.  Terra Int'l, Inc., 119 F.3d at 695; Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc., 244 F. Supp. 2d 1015, 1022 (E.D. Mo. 2002).  The movant bears the burden to prove that transferring would provide greater convenience, because "§ 1404(a) provides for transfer 'to a more convenient forum'" than the forum in which the plaintiff originally filed.  Am. Standard, Inc., 487 F. Supp. at 261 (emphasis added) (quoting Van Dusen v. Barrack, 367 U.S. 612, 645-46 (1964)).

Plaintiff has not shown any relevant connection between this action and this forum.  A plaintiff's choice of forum is accorded less weight where the operative events giving rise to the lawsuit took place in another forum.  GMAC/Residential Funding Corp. v. The Platinum Co. of Real Estate & Fin. Servs., Inc., No. 02-1224, 2003 WL 1572007, at *2 (D. Minn. March 13, 2003); Road Mach. & Supplies, Co. v. Fed. Signal Corp., No. 03-3524, 2003 WL 22326577, at *3 (D. Minn. Oct. 7, 2003).  Similarly, the plaintiff's choice of forum is accorded less weight where it is not the plaintiff's residence, and the defendant has had little contact with the chosen forum.  Biometics, LLC. v. New Womyn, Inc., 112 F. Supp. 2d 869, 875 (E.D. Mo. Aug. 29, 2000); Davidson & Assocs., Inc. v.

Internet Gateway, Inc., No. 4:02CV0498 CAS, 2003 WL 23709467, at *3 (E.D. Mo. Aug. 1,  2003).  The Court does not believe that the fact that at the time of the accident, the decedent was a resident of St. Louis County, Missouri, weighs heavily in considering the convenience of the parties.  See, e.g., Luise M. Ross v. Co. Outward Bound Sch., 603 F. Supp. 306, 310 n.5 (D.C.N.Y. 1985).  Furthermore, "the convenience of the plaintiff's counsel is not entitled to any weight in the analysis."  Frost v. Nat'l R.R. Passenger Corp., No. 4:05CV1571 AGF, 2006 WL 62837, at *2 (E.D. Mo. Jan. 11. 2006); Biometics, LLC. 112 F. Supp. 2d at 876.

Weighing the convenience of the witnesses is not a battle of numbers but instead requires analysis of the importance of the witnesses' proposed evidence.  Am. Standard, Inc., 487 F. Supp. at 262-63.  Plaintiff's assertion that the decedent's half-sister, who lives in Missouri, could be a possible witness for damages does not tip the balance against transfer.  Defendants' proposed witnesses would offer testimony central to the issue of liability, including those at the scene of the accident, law enforcement officers, a coroner, and a medical examiner; whereas, the decedent's half-sister would offer testimony relevant to damages, "an issue dependant upon a finding of liability."  Wallace v. Ormsby Trucking, Inc., No. 4:04CV1652 CEJ, 2005 WL 1021550, at *3 (E.D. Mo. May 2, 2005) (granting transfer of wrongful death action to the Western District Court of Oklahoma, where the injury-causing trucking accident occurred in Oklahoma and the majority of the liability witnesses resided in Oklahoma and were beyond the reach of the court's subpoena power, even though Plaintiff argued that the Missouri forum where the case was filed would be more convenient for 25 family members who lived in Missouri

and who would testify to damages).  Witnesses carry more significance relevant to transfer under § 1404(a) if they are "substantially part of the case itself, as they relate to the occurrence of an accident"  Garr v. BNSF Ry. Co., No. 4:06CV0264 TCM, 2006 WL 1134535, at *2 (E.D. Mo. Apr. 26, 2006) (denying intra-district divisional transfer) (citation omitted).

The interests of justice factor encompasses "the availability of judicial process to compel testimony from hostile witnesses, the governing law, the relative ease of access to sources of proof, the possibility of delay and prejudice if a transfer is granted, and the practical considerations of cost and efficiency."  Garr, 2006 WL 1134535, at *3 (citing Anheuser-Busch, Inc. v. City Merch., 176 F. Supp. 2d 951, 959 (E.D. Mo. 2001)).  If this case were not transferred, there would be witnesses outside the 100-mile subpoena power of this Court under Federal Rule of Civil Procedure 45(b)(2).  Sources of proof would be more accessible in the Western District of Arkansas because investigation, police, and medical reports were completed there, and the witnesses who prepared them reside there. With regard to the factor of governing law, the decedent's death and the conduct causing it occurred in Arkansas.  Thus, Arkansas law will more likely govern Plaintiff's claims.

Missouri courts should not bear the burden of hearing a case with such a "tenuous connection" to this forum.  See Continental Research Corp. v. Drummond Am. Corp., No. 4:07CV1155 CDP, 2007 WL 4287873, at * 5 (E.D. Mo. Dec. 6, 2007) (transferring diversity case to Illinois when plaintiffs who were employees of a company headquartered in Missouri were not residents of Missouri, worked and were injured in

four other states, and were only "marginally more inconvenienced (if at all) by litigating in Illinois as opposed to Missouri.").

Upon review of the record, the Court concludes that Defendants have met their burden of establishing that the case should be transferred to the Western District of Arkansas.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Schneider National, Inc.'s motion to join in Defendant Schneider National Carriers, Inc.'s motion to transfer this case to the District Court for the Western District of Arkansas is **GRANTED**. [Doc. #32]

**IT IS FURTHER ORDERED** that Defendants' motion to transfer this case to the District Court for the Western District of Arkansas is **GRANTED**. [Doc. #8]


_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of September, 2008.