```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   EL DORADO DIVISION
```

EULUS ABBOTT, an Individual and
Personal Representative of the Estate
of Michael Abbott                                      PLAINTIFF

    V.                       Civil No. 08-1070

SCHNEIDER NATIONAL CARRIERS, INC.,
et al.                                                DEFENDANTS

## O R D E R

Currently before the Court is the plaintiff's **Motion to Dismiss Without Prejudice (Doc. 65).** The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

    1.   Plaintiff instituted this action individually and as personal representative of the estate of Michael Abbott, his son. Plaintiff seeks damages resulting from the death of his son in a motor vehicle accident.

    2.   The defendants have moved for summary judgment, arguing that, under Arkansas law, the complaint originating this action is a "nullity," because the plaintiff had not been appointed personal representative of his son's estate when the complaint was filed.

In response, plaintiff concedes that "the best way forward in this case" is to dismiss this action, as he has now been appointed personal representative of his son's estate and he can properly re-file the complaint in that capacity.

Plaintiff, therefore, moves to dismiss this action without prejudice.

The defendants respond that the Court should grant their motion for summary judgment and dismiss this action with prejudice.

3. The decision to grant a voluntary dismissal is left to the discretion of the district court based on its evaluation of factors such as the reasons for seeking the dismissal and whether the dismissal will prejudice the defendants. <u>See</u> <u>Cahalan v. Rohan</u>, 423 F.3d 815, 818-19 (8th Cir. 2005). Plaintiff has legitimate grounds for seeking to dismiss this matter – to correct a technical defect that would otherwise preclude him from pursuing his cause of action. Further, it does not appear that the defendants will be prejudiced by the dismissal. To the extent the defendants might incur any duplicative costs and expenses caused by the re-filing of the action, the defendants may petition the Court to consider awarding them such costs and expenses. Accordingly, the Court finds that plaintiff should be permitted to voluntarily dismiss this action.

4. Based on the foregoing, plaintiff's **Motion to Dismiss Without Prejudice (Doc. 65)** is **GRANTED** and this action is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(a)(2). All other pending motions are **DENIED** as moot.

IT IS SO ORDERED this 20th day of May, 2009.

                                                <u>/s/ Jimm Larry Hendren</u>
                                                **JIMM LARRY HENDREN**
                                                **UNITED STATES DISTRICT JUDGE**